ANSTEAD, Chief Judge,
dissenting:
I believe the limited record before us supports the appellant’s entitlement to an evidentiary hearing on his motion for post-conviction relief. Appellant claims that he entered a plea of guilty in exchange for a promise of a sentence not to exceed five years although with a minimum mandatory term of three years. He received an eight year sentence with á three year mandatory minimum. The record reflects that at the initial plea hearing the prosecutor advised the court: “We want him to plead open to five years with a minimum mandatory of three.” There is additional dialogue which appears to indicate that instead of a five year cap the court would have discretion as to the maximum sentence. However, this is far from clear, and nowhere in the record is the appellant specifically advised of the precise terms of the plea agreement and asked to confirm his understanding and agreement thereto. In addition, reference is made to a written agreement but that is not in the record. Finally, I note that appellant filed this motion immediately after he was given the eight year sentence and there advised by the judge that if he *215 thought anything was wrong with the sentence he should file such a motion. It may be that the evidentiary hearing will completely contradict appellant’s claim as to his oral and written dealings with his attorney, the prosecutor and the court, but, in view of the lack of clarity in the record, I think he is at least entitled to that hearing.